

U.S. Department of Justice

United States Attorney
Eastern District of New York

| | |
|---|---|
| EEA/TH/GAK | *271 Cadman Plaza East* |
| F. #2014R01255 | *Brooklyn, New York 11201* |

December 1, 2021

By Hand and ECF

The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    United States v. Melendez-Rojas, et al.
                Criminal Docket No. 17-434 (ARR)

Dear Judge Ross:

      The government respectfully submits this letter in connection with the foreign pretrial detention of defendants Rosalio Melendez-Rojas ("Rosalio M-R"), Jose Osvaldo Melendez-Rojas ("Jose Osvaldo M-R") and Jose Miguel Melendez-Rojas ("Jose Miguel M-R") (collectively, the "Extradited Defendants").

      The defendants Rosalio M-R and Jose Osvaldo M-R were arrested by foreign law enforcement authorities in Mexico on approximately February 23, 2018. Their arrests were made pursuant to provisional arrest requests issued by the United States in connection with this criminal case. For approximately eight months, the defendants remained in Mexican custody. Neither defendant challenged extradition. On October 18, 2018, the defendants were extradited from Mexico and arrived at John F. Kennedy International Airport in the Eastern District of New York. A magistrate judge in the Eastern District of New York arraigned the defendants the next day and ordered them detained pending trial. The defendants have remained in the custody of the Bureau of Prisons since that date.

      The defendant Jose Miguel M-R was arrested by foreign law enforcement authorities in Mexico on approximately February 11, 2019. His arrest was made pursuant to a provisional arrest request issued by the United States in connection with this criminal case. For approximately six months, the defendant remained in Mexican custody. Jose Miguel M-R did not challenge extradition. On August 14, 2019, the defendant was extradited from Mexico and arrived at John F. Kennedy International Airport in the Eastern District of New York. A magistrate judge in the Eastern District of New York arraigned the defendant the

next day and ordered him detained pending trial. Jose Miguel M-R has remained in the custody of the Bureau of Prisons since that date.

On March 13, 2020, a jury in the Eastern District of New York convicted the Extradited Defendants, along with two co-defendants, of all counts of an eighteen-count indictment charging them, among other things, with sex trafficking conspiracy, sex trafficking of minors, interstate prostitution, alien smuggling and related offenses. The Extradited Defendants were all convicted of sex trafficking by force, fraud and coercion, which carries a minimum sentence of fifteen years' imprisonment. See 18 U.S.C. § 1591(b)(1). The Extradited Defendants face maximum sentences of life in prison. The defendants are currently in custody pending sentencing. Sentencing has not yet been scheduled by the Court.

Once the Court sentences the Extradited Defendants for the crimes of conviction, the Bureau of Prisons will calculate their respective remaining terms of detention and release dates.

Title 18, United States Code, Section 3585(b) provides, in relevant part, that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." The Supreme Court has held that the Bureau of Prisons is "the agency charged with administering the credit statute," Reno v. Koray, 515 U.S. 50, 60 (1995), and that § 3585(b) does not authorize a district court to award such credit at sentencing, see United States v. Wilson, 503 U.S. 329, 333-335 (1992) ("Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.").

The Supreme Court has also held that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to [Bureau of Prisons] control." Reno, 515 U.S. at 58; see also id. at 56 (noting as correct the interpretation that "the phrase 'official detention' in § 3585(b) refers to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement"). However, the government has conferred with Bureau of Prisons officials and has been advised that, under certain circumstances, the Bureau of Prisons awards credit for defendants who were detained in foreign custody prior to entering into the custody of the Attorney General.

The government does not object to the Extradited Defendants seeking credit for time served in foreign custody. Such credit, if awarded, will be determined by the Bureau of Prisons after the Extradited Defendants are sentenced by the Court.

      Respectfully submitted,

      BREON PEACE
      United States Attorney

By:    /s/
      Erin E. Argo
      Tanya Hajjar
      Gillian A. Kassner
      Assistant U.S. Attorneys
      (718) 254-7000